UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAXWELL GARVICE JOHNSON,

Movant,

v.                                                    Crim No. 6:20-cr-00107-CEM-EJK-1

UNITED STATES OF AMERICA,

Respondent.

## CITATION OF NEW ADDITIONAL AUTHORITY

COMES Movant, MAXWELL GARVICE JOHNSON ("Johnson"), appearing *pro se*, and in support of this motion would show as follows:

### I. PRELIMINARY STATEMENT

As a preliminary matter, Johnson respectfully requests that this Court be mindful that *pro se* litigants are entitled to liberal construction of their pleadings. See *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998)("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); *Estelle v. Gamble,* 429 U.S. 97, 103 (1976); *Haines v Kerner*, 404 U.S. 519, 520 (1972) (same).

### II. NEW AMENDMENTS TO THE SENTENCING GUIDELINES

The 2024 amendments to the U.S. Sentencing Guidelines, which took effect on November 1, 2024, include several significant changes aimed at promoting fairness

and addressing key legal developments. Amendment 1B1.3(c) to the 2023 Federal Sentencing Guidelines addresses the issue of relevant conduct in sentencing, particularly focusing on limiting the use of certain types of conduct in determining a defendant's sentence.

The amendment narrows the types of conduct that can be considered during sentencing. Specifically, it limits the inclusion of "acquitted conduct"—acts for which the defendant was found not guilty. Previously, acquitted conduct could still be used to increase a defendant's sentence if the court found it relevant. Now, this conduct is more restricted to ensure fairness in sentencing. Under this amendment, federal courts can only consider acquitted conduct that overlaps significantly with the conduct of conviction. This change addresses concerns that defendants were being punished for crimes they were not convicted of, which some critics argued violated due process and principles of fairness.

Amendment 826 significantly narrows the scope of relevant conduct that courts can consider when calculating a defendant's sentencing range. Specifically, it addresses situations where uncharged or acquitted conduct has been used to enhance sentences.

Previously, even if a defendant was not charged under § 924(c) (which penalizes using or possessing a firearm during a drug trafficking crime or crime of

violence), the court could still use uncharged firearm-related conduct to enhance their sentence if deemed "relevant." Amendment 826 limits this practice, preventing courts from considering such conduct unless it is directly related to the offense of conviction and supported by clear evidence.

In this case, the firearm in question was legally owned by Johnson's girlfriend, who purchased it while Johnson was serving time in state prison. She held a valid permit to possess and carry the firearm. During a search of their residence, the firearm was discovered under the bed, leading authorities to attribute constructive possession to Johnson. Although he was never charged under 18 U.S.C. § 924(c) for firearm possession, his sentence was nonetheless enhanced based on this alleged relevant conduct involving the firearm. Since Johnson was not charged under § 924(c), applying an enhancement based on firearm-related conduct would now require a stronger connection to the convicted offense. Under the revised guideline, if the firearm conduct was only tangential or speculative, it would no longer qualify as relevant conduct for enhancing the sentence. See *United States v. Kimmons*, 917 F.3d 1028 (7th Cir. 2019); the Seventh Circuit vacated a firearm enhancement where the defendant's access and control over the firearm were speculative. This case supports the argument that proximity alone does not justify constructive possession or sentence enhancement. *United States v. Caldwell*, 7 F.4th 191 (4th Cir. 2021); the court ruled

3

that firearm possession by a co-occupant (in this case, Johnson's girlfriend) does not automatically transfer constructive possession to the defendant without specific evidence of control or knowledge. *United States v. Bell*, 808 F.3d 926 (D.C. Cir. 2015), this case emphasizes that enhancements based on indirect or speculative conduct violate due process, reinforcing Amendment 826's intent to limit such enhancements.

Under the revised guidelines, the mere presence of the firearm in the shared residence does not establish a sufficient nexus to the offense of conviction to justify a sentencing enhancement. Therefore, Johnson's sentence should be recalculated without the firearm enhancement.

## III. CONCLUSION

For the above and foregoing reasons, Johnson's sentence should be vacated for resentencing.

4

Respectfully submitted,

Dated: December 22, 2024

MAXWELL GARVICE JOHNSON
REG. NO. 73729-018
FCI COLEMAN MEDIUM
FEDERAL CORR.INSTITUTION
P.O. BOX 1032
COLEMAN, FL 33521
Appearing *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2024, a true and correct copy of the above and foregoing Citation of Additional New Authority was sent via First Class U. S. Mail to Dana Edward Hill, Assistant U.S. Attorney at U. S. Attorney's Office-FLM, 400 W. Washington St., Suite 3100, Orlando, FL 32801.

MAXWELL GARVICE JOHNSON



U.S. POSTAGE PAID
PM
COLEMAN, FL 33521
DEC 31, 2024

32801    **$0.00**

0 Lb 2.50 Oz    S2324H505202-02

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

XPECTED DELIVERY DAY: 01/04/25

USPS TRACKING® #



9505 5126 3317 4366 3315 11



00001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE


**UNITED STATES POSTAL SERVICE®**

FROM: Maxwell Johnson #73729-018
FCI Coleman medium
Federal Corr. Institution
P.O. Box 1032
Coleman FL, 33521

TO: Ms. Elizabeth Warren
Clerk of court
U.S. District court
middle District of FL
Orlando Division
401 West Central Boulevard
Orlando, FL 32801

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

# RIORITY
# MAIL ★

INSURED*



## RATE ENVELOPE
E ★ ANY WEIGHT*



1000014

EP14F July 2013
OD: 12.5 x 9.5


UNITED STATES
POSTAL SERVICE®

✕ For International shipments, the maximum weight is 4 lbs.